## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ATLEISURE LLC, )<br><br>        Plaintiff, )<br><br>vs. )<br><br>ACE HARDWARE CORPORATION )<br><br>  and )<br><br>PRIDE FAMILY BRANDS, INC., )<br><br>        Defendants. ) | CIVIL ACTION NO.<br>1:16-cv-00294-SCJ<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF ATLEISURE LLC'S OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

Defendants misused the Court's extension of time as a tactic to delay this case. Doc. No. [13]. Defendants claimed to need a delay for settlement proposals. Breloski Decl. ¶ 3, Exhibit 1. It didn't. Instead, Defendants failed to offer a single settlement after the court granted its delay motion. Breloski Decl. ¶ 4. Before filing, Plaintiff ATLeisure was hesitant to consent to the delay believing that Defendants would not use the motion for its intended purpose – offering a settlement. Breloski Decl. ¶ 3, Exhibit 2; ¶ 5. That is, ATLeisure believed that Defendants would use the delay motion to craft a motion to dismiss. That is exactly what Defendants did. Doc. No. [15](Motion to Dismiss).

Defendants' latest tactic, filing a baseless motion to dismiss a well-pleaded complaint that distorts the facts and lacks legal support, stalls further progress in this case. Timely, Defendants' delay tactics come in the middle of spring, the season where ATLeisure and Defendants begin selling outdoor patio umbrellas.

With its first two motions, Defendants are forming a pattern of threat tactics and excessive, baseless motions practice to bully ATLeisure into submission. In addition to their delay motion and motion to dismiss, Defendants have lodged a Rule 11 motion against ATLeisure. Breloski Decl. ¶ 3, Exhibit 3.

As to the instant motion, the Court should deny Defendants' motion to dismiss as warrantless, unjustified, and legally unsupported. ATLeisure has pleaded sufficient allegations and facts to overcome a motion based upon Rule 12(b)6 and Supreme Court precedent. Additionally, Defendants omit and misrepresent many facts and allegations in the complaint that easily sustain ATLeisure's cause of action. Finally, Defendants argue passages from certain cases completely out of context.

For these reasons, ATLeisure respectfully requests that the court deny Defendants' motion and proceed with this case.

**CONTENTS**

I.   ATLeisure has met the requirements of Rule 12(b)6 and relevant case law........5

   A.  2015 Amendments to the Federal Rules of Civil Procedure ...........................5

   B.  Undisputed Facts Alleged.................................................................6

   C.  Disputed Facts – The How. ..............................................................7

         1.  Defendants New Case Law................................................7

         2.  Properly Pleading Willful Infringement ...........................................9

   D.  Defendants' failure to state a claim argument fails because Defendants omit
   and misrepresent facts. ...........................................................12

         1.  Defendants Own Motion Includes Facts From the Complaint.......12

         2.  Defendants Omitted Several Facts Contained in the Complaint.....13

II. Defendants' argument fail because defendants Use Case Law Completely Out
of Context.......................................................................14

   A.  Direct Infringement ...................................................14

   B.  Indirect Infringement ...................................................16

III.Conclusion ...................................................17

**CASES**

*3rd Eye Surveillance, LLC v. United States*, 124 Fed. Cl. 438, 442 n.6 (Fed. Cl. 2015)....5

*Asghari-Kamrani v. United Servs. Auto. Ass'n*, Civil No. 2:15CV478 (E.D. Va.)...........10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).......................................................................5, 6, 8

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) .........................................17

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (U.S. 2011) ..............................17

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007)..............................................15

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013) ....5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111 (U.S. 2014) ...............16

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).............................9

*Norian Corp. v. Stryker Corp.*, 363 F.3d 1321 (Fed. Cir. 2004) ......................................16

*R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323 (Fed. Cir. 2012) .....................................................17

*Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836 (Fed. Cir. 1999).......8, 15

*Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287 (Fed. Cir. 2012)...............10

## RULES

FED. R. CIV. P. 50 .................................................................................................16

FED. R. CIV. P. 84. ................................................................................................5

Patent L.R. 4.1 ...................................................................................................14

Patent L.R. 4.3 ...................................................................................................14

Patent L.R. 6 .....................................................................................................14

Patent L.R. 7 .....................................................................................................14

## I.  ATLEISURE HAS MET THE REQUIREMENTS OF RULE 12(B)6 AND RELEVANT CASE LAW.

ATLeisure has pled sufficiently its willful patent infringement case thereby defeating Defendants' motion to dismiss. Specifically, ATLeisure's facts and allegations surpass the pleading requirements set in *Twombly* and *Iqbal*, which are set forth in Defendants' motion. *See, e.g.,* Doc. No. [15](Defendants' Motion to Dismiss), pp. 2-3. This Court should reject Defendants' latest stall tactic.

### A. 2015 Amendments to the Federal Rules of Civil Procedure

Since the December 1, 2015 Rules Amendments, sparse case law exists concerning whether a complaint adequately states a claim. Many legal scholars and district courts agree that pleadings must exceed Form 18's requirements, but need not rise to the level demanded by Defendants. FED. R. CIV. P. 84.

For example, one court, post-2015 Amendments, acknowledged that the new requirement for pleadings has grown from the "notice and plausibility" standard set in *K-Tech Telecomms., Inc. 3rd Eye Surveillance, LLC v. United States*, 124 Fed. Cl. 438, 442 n.6 (Fed. Cl. 2015)(citation omitted). Similarly, before the 2015 Amendments, the Intellectual Property Owners Association supported raising a complaint's facts above what Form 18 provides.[1] Further, the American Bar

---

[1] *See, e.g.,* Letter from Herbert C. Wamsley, Executive Director IPOA to Honorable Jeffrey S. Sutton, Chair Committee on Rules (Feb. 14, 2014).

5

Association rejected a heightened pleading standard because local patent rules and discovery procedures provide courts with discretion. ABA Res. 108A, p. 3 (opposing increased specificity as it "could ignite an explosion of litigation, with the filing of serial motions to dismiss alleging failure to supply a sufficient level of detail to satisfy the expanded leading requirement.").

ATLeisure's complaint far exceeds Form 18's requirements and alleges facts surrounding its dispute against Defendants, including the who, what, when, where, and how - facts sufficient to transcend *Twombly*/*Iqbal* and Rule 8.

### B. Undisputed Facts Alleged.

Defendants do not challenge the sufficiency of ATLeisure's complaint involving the who, the what, the when, and the where.

#### The Who

- Ace Hardware Corporation infringed the Asserted Patents. Doc. No. [1] (Complaint), p. 1; ¶¶ 1, 3, 20, 21, 22, 24, 26.

- Pride Family Brands infringed the Asserted Patents. Doc. No. [1], p. 1; ¶¶ 1, 4, 19, 22, 23, 25.

#### The What

- Defendants infringed U.S. Patent No. 7,533,679 ("'679 Patent"). Doc. No. [1], ¶¶ 1, 15, 17, 24, COUNTS I & II.

- Defendants infringed U.S. Patent No. 7,604,015 ("'015 Patent). Doc. No. [1], ¶¶ 1, 16, 17, COUNTS III & IV.

- Defendants infringed by making, using, offering to sell, selling, and/or importing outdoor patio umbrellas with ATLeisure's patented technology. Doc. No. [1], ¶¶ 1, 7, 21, 22, 25, 26.

- An Accused Product includes an umbrella described as "Living Accents Market 9ft Patio Solar Umbrella" (Item nos: 8462392, 8462434, 8462418, 8462384). Doc. No. [1], ¶¶ 1, 7, 21, 22, 25, 26.

### The When

- Defendants had knowledge of the Asserted Patents as early as January 25, 2015. Doc. No. [1], ¶¶ 24, 25.

- Defendants had constructive knowledge of the Asserted Patents as early as 2012. Doc. No. [1], ¶ 23.

- Defendant's infringement is ongoing. Doc. No. [1], ¶¶ 21, 22.

### The Where

- Defendants' infringement occurred in the United States, Georgia, and Atlanta. Doc. No. [1]), ¶ 22.

### C. Disputed Facts – The How.

However, Defendants do dispute "The How" - whether ATLeisure has pleaded enough facts to establish "How" Defendants infringe the Asserted Patents. Doc. No. [15]. In support, Defendants piecemeal snippets from patent cases, all before the 2015 Amendments, to create a far-reaching rule that disposes discovery, local patent rules, and litigation all together.

### 1.    Defendants New Case Law

Defendants' attempt to create new case law by raising a complaint's necessary

7

fact detail to support "The How." *See id.* at pp. 3-4 (citing *Seal-Flex* with *Iqbal* to require proof of every requirement of one claim at the pleadings stage). Defendants' specificity contention lacks legal support. *See* Doc. No. [15], ¶ II (A complaint requires infringement contentions and exacting validity contentions.).

Quite the opposite, at least one court has considered the role of local patent rules following the 2015 Amendments. There, the court found it "has in place **comprehensive procedures** for use in patent case. Those procedures require **detailed infringement contentions** to be filed early in the litigation." *Lubrizol Specialty Prods. v. Flowchem LLC*, 2016 U.S. Dist. LEXIS 24249, *4 (S.D. Tex. Feb. 29, 2016)(emphasis added). Consequently, "it is not just and practicable to require pleadings in this patent case to contain the same level of specificity regarding direct infringement claims as are to be provided by the preliminary infringement contentions." *Id.*

Defendants' lack of notice argument is belied by its Rule 11 motion. *See* Breloski Decl. ¶ 3, Exhibit 3. In one breath, Defendants argue that "there are simply no alleged facts that would allow the Court to reasonably infer that the Pride Umbrella infringes any claim of the Asserted Patents." Doc. No. [15], p. 5. In another breath, Defendants ostensibly argue for 20 pages whether each claimed element of the Asserted Patents is present in its *unfiled* Rule 11 Motion. Doc. No.

8

*pending*, but served on Apr. 8, 2016. Breloski Decl. ¶ 3, Exhibit 3.

Nonetheless, ATLeisure has presented the "Living Accents Market 9ft Patio Solar Umbrella." Doc. No. [1], ¶ 1. Additionally, ATLeisure has identified at least one claim as the '015 Patent only has a single independent claim. *See* '015 Patent, Claim 1; Doc. No. [1-2] ('015 Patent); *see also Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 1000 (Fed. Cir. 1995)("a dependent claim includes all of the limitations of the independent claim").

### 2.   <u>Properly Pleading Willful Infringement</u>

ATLeisure has pleaded, and the evidence will show, that Defendant Pride Family is not just selling Accused Products, but it is also actively and intentionally encouraging its customers, such as Defendant Ace, to sell them.

Defendants sell the Accused Products with full knowledge of Asserted Patents and the consequences of their actions. Doc. No. [1], ¶¶ 23, 26. ATLeisure's complaint explains both how Defendant Pride Family induced Defendant Ace to infringe Asserted Patents and how Defendants knew of their infringing conduct prior to the initiation of this lawsuit. Doc. No. [1], ¶¶ 23, 24, 25, 26, 27. Specifically, Defendant Pride Family knew or should have known about the Asserted Patents, Defendant Ace had actual knowledge, and Defendant Pride Family knew that Defendant Ace would sell the Accused Products. Doc. No. [1],

¶¶ 20, 23, 26. Hence, ATLeisure has met the knowledge and intent requirements set forth in *Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012); Doc. No. [15], pp. 9-10.

Despite ATLeisure's pleaded facts, Defendants turn to support from a single passage from a slip opinion in a non-binding, district court in Virginia ("Slip Opinion") that pertains to technology (software/computer code), far more complicated than that found in the Asserted Patents. Doc. No. [15], p. 5. Defendants' comparison is unavailing and lacks applicability.

In Defendants' Slip Opinion, the court begins by explaining how complicated and abstract the patent-in-suit is. *Asghari-Kamrani v. United Servs. Auto. Ass'n*, Civil No. 2:15CV478 (E.D. Va.)("[t]he invention relates to a system and method provided by a Central-Entity for centralized identification and authentication of users and their transactions to increase security in e-commerce.") (quoting U.S. Pat. No. 8,266,432 ("'432 Patent") at 2:52-55); attached as Breloski Decl. ¶ 3, Exhibit 4; Exhibit 5 ('432 Patent). That patent covers abstract concepts such as code that is "dynamic, non-predictable and time-dependent," electronic requests, dynamic code, and digital identity. *Id.* With limited facts alleged in the complaint, the court ruled that the defendant "[could] not adequately respond to Plaintiffs' allegations of infringement" because computer code is abstract and not readily

10

accessible. *Id.* The patent's complexity is best seen in Claim 1 –

> 1. A method for authenticating a user during an electronic transaction between the user and an external-entity, the method comprising:
>
> . . .
>
>  receiving electronically by the central-entity a request for authenticating the user from a computer associated with the external-entity based on a user-specific information and the dynamic code as a digital identity included in the request which said dynamic code was received by the user during the transaction and was provided to the external-entity by the user during the transaction; and
>
>  authenticating by the central-entity the user and providing a result of the authenticating to the external-entity during the transaction if the digital identity is valid.

Computer code can have tens of thousands of lines. This "increased complexity" needs significant facts pleaded in a complaint and is one of the reasons for abrogating Rule 84.[2] But, comparing that technology to this cases' '015 Patent is inapposite, especially when the '015 Patent basically requires an umbrella, some ribs, and a canopy. Less facts are needed to provide notice when Defendants manufacture and sell umbrellas. Doc. No. [1], ¶¶ 19, 20, 21. Defendants can readily determine whether their umbrellas have such basic components.

Further distinguishing, in the Virginia case, plaintiff's original complaint totaled

---

[2]     The Committee described the inapplicability of Rule 84's forms "increased complexity of most modern cases have resulted in a detailed level of pleading that is far beyond that illustrated in the forms." Memo. from Judge Jeffrey Sutton, Proposed Amendments to the Fed. R. Civ. P. at 19 (June 14, 2014).

five pages **including** case caption and signature pages, and after amendment, its second complaint totaled only 10 pages. *See* Breloski Decl. ¶ 3, Exhibit 6 (Complaint); Exhibit 7 (First Amended Complaint). Contrastingly, ATLeisure's complaint contains a plethora of facts and nearly three times as many pages as the Virginia plaintiff's first complaint. Doc. No. [1].

### D. Defendants' failure to state a claim argument fails because Defendants omit and misrepresent facts.

Like it's mistreatment of case law, Defendants overlook properly pleaded facts contained in ATLeisure's complaint. Still, Defendants argue that the complaint lacks enough facts to establish a cause of action. *See* Doc. No. [15], pp. 1-9.

Defendants' argument fails for two reasons. First, Defendants actually cite several passages from the complaint that contain facts. Second, Defendants forget numerous relevant facts that are set forth in the complaint.

### 1. <u>Defendants Own Motion Includes Facts From the Complaint.</u>

Defendants own motion admits relevant facts from ATLeisure's complaint. For instance, Defendants admit that the "Living Accents Market 9ft Patio Solar Umbrella" is the Accused Product infringing U.S. Patent Nos. 7,533,679 and 7,604,015. Doc. No. [15], p. 1. Defendants further admit that the complaint includes several other facts including "background facts regarding the parties, jurisdiction, and venue; a further identification of the asserted patents and

ATLeisure's alleged rights in them." Doc. No. [15], p. 6.

**2.     Defendants Omitted Several Facts Contained in the Complaint.**

While Defendants admit some facts, Defendants ignore countless facts

supporting the complaint. In doing so, Defendants marginalize ATLeisure's facts

and represent to the Court that "the only 'facts' alleged by Plaintiff . . . are . . . in

the opening paragraph of the complaint . . . ." *See* Doc. No. [15], p. 4.

By ignoring the facts, Defendants have failed to include several paragraphs

such as ATLeisure® - Create Your Escape®, Factual Background, and

Extraordinary Circumstances. Doc. No. [1], pp. 3 – 8. Defendants failed to inform

the Court of the facts spanning these 6 pages. *See* Doc. No. [15], p. 6.

Defendants also gloss over three factual paragraphs explaining Defendants'

willful infringement. *See* Doc. No. [15], p. 8. They also withhold relevant facts

under the heading Extraordinary Circumstances. *See* Doc. No. [1], p. 7.

Had Defendants accurately represented these paragraphs to the Court,

Defendants would reveal that ATLeisure presented its patented technology to Ace

on or about January 25, 2015, that Defendant Pride Family also presented its

umbrellas to Ace, that ATLeisure warned Ace about purchasing umbrellas that

infringe the Asserted Patents, and that ATLeisure will demonstrate how the

Asserted Patents' claims read on the Accused Products when Infringement

Contentions are due in accordance with Patent L.R. 4.1. *See* Doc. No. [1], pp. 7 –

8. Rather, Defendants decided to conceal the facts and represent to the Court that

ATLeisure has failed to allege any facts to plausibly support its claim for

willfulness. *See* Doc. No. [15], p. 6 (Paragraph III).

   Defendants also argue that ATLeisure failed to allege facts pertaining to

contributory and induced infringement. This time Defendants fail to cite **any**

paragraph in the complaint. *See* Doc. No. [15], pp. 8 – 10. Apparently, Defendants

avoid facts establishing that Defendants had knowledge of the patents, that

ATLeisure warned about the likelihood of infringement, and that Defendant Ace

purchased the Accused Products from Defendant Pride Family despite such

likelihood. Doc. No. [1], ¶ 26.

## II.    DEFENDANTS' ARGUMENT FAIL BECAUSE DEFENDANTS USE CASE LAW COMPLETELY OUT OF CONTEXT.

   Under Defendants' interpretation of case law, ATLeisure would have to prove

its entire case at the pleadings stage, eliminating the need for any discovery,

including contentions and proceedings. *See, e.g.,* Patent L.R. 4.1; Patent L.R. 4.3;

Patent L.R. 6; and Patent L.R. 7. Defendants' position stems from its case citations

relating to later trial stages, and such case citations are premature in this case.

### A. Direct Infringement

Defendants urge this Court to create new law and ignore existing law. For

example, Defendants cite *Seal-Flex* to mean that a patentee must prove that the accused product contain every limitation of a claim. Doc. No. [15], pp. 3 – 4. Then, Defendants conflate *Seal-Flex* with *Iqbal* requiring that complaints allege facts sufficient enough to make "it plausible that the accused product safisf[y] every requirement of at least one of the patent's claims." Doc. No. [15], p. 4.

Defendants cannot and have not cited a single case that stands for this contention. *Seal-Flex* does not turn on whether plaintiff alleged enough infringement facts in its complaint. Instead, Defendants' cherry-picked passage refers to the part of trial after a claims construction hearing. *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999) (holding that only after claims construction does the patentee have to prove infringement). This contention, like the following contentions, are not warranted by existing law.

Abusing another case, Defendants contend that *In re Seagate Tech., LLC* stands for the proposition that the requirements of willful infringement must be met at the pleadings stage. 497 F.3d 1360, 1367 (Fed. Cir. 2007); Doc. No. [15], pp. 6 – 7. Defendants' case is unavailing, since that case involves a discovery appeal. Put in context fairly, "[t]he ultimate dispute in this [*Seagate's*] case is the **proper scope of discovery**." *Id.* (emphasis added).

Defendants' cherry-picking continues with *Norian Corp. v. Stryker Corp*. Doc.

15

No. [15], p. 7 (sustaining a willfulness claim at the pleadings stage requires more evidence than simply knowledge of the patents); 363 F.3d 1321 (Fed. Cir. 2004). However, the *Norian* court in the same section that Defendants quote, begins "After Norian presented its **case-in-chief** the district court granted Stryker's motion to dismiss . . . ." *Id.* at 1332 (emphasis added). Defendants' contentions are not warranted and their pattern of misrepresentation is just another tactic to delay progress in this case.

## B. Indirect Infringement

Defendants contend that secondary liability for patent infringement requires proof of direct infringement at the pleadings stage. Doc. No. [15], p. 8. Defendant's argument lacks merit. First, *Limelight Networks, Inc. v. Akamai Techs., Inc.* pertained to a very specific set of issues involving method patents; here, the Asserted Patents lack any method claims. 134 S. Ct. 2111, 2116 (U.S. 2014). Second, and moreover, proof of indirect infringement in the underlying district court case occurred at trial before a jury. *Id.*

Defendants have misrepresented *DSU Med. Corp v. JMS Co. and Global-Tech Appliances, Inc. v. SEB S.A.* to impose unnecessary requirements to a complaint. Doc. No. [15], p. 9. However, that case was already at trial, and DSU asked **court to instruct the jury** what constitutes induced infringement. *DSU Med. Corp.,* 471

16

F.3d at 1305 (emphasis added).

Similarly, on appeal it *Global-Tech Appliances, Inc. v. SEB S.A.*, the Court reviewed the record for evidence supporting induced infringement. 563 U.S. 754, 759 (2011)("Although **the record** contained no direct evidence . . . .")(emphasis added). Here, the trial has not ended, and there is no record.

Defendants' final cited case is also unavailing. Doc. No. [15], p. 9. There, the court ruled that to survive a motion to dismiss, the complaint must plausibly show that the defendant specifically intended to have its customers infringe the patent. *R+L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). In context, court continues and rules – "[t]his does not mean, however, that [plaintiff] must prove its case at the pleading stage." *Id.* at 1339.

## III.   CONCLUSION

Defendant's motion to dismiss lacks merit because ATLeisure has met the requirements of Rule 12(b)6 and Supreme Court precedent; Defendants have taken case law completely out of context and used it to support arguments for which the cases do not stand; and finally, Defendants disregard facts contained in ATLeisure's complaint. ATLeisure's complaint adequately states a claim for relief. Accordingly, the Court should deny Defendants motion to dismiss.

Respectfully submitted, this April 14, 2016.

                          Respectfully submitted,

           By:    /s/ Jeffrey T. Breloski
                         Jeffrey T. Breloski
                         Georgia Bar No. 858291
                         E-mail:  jbreloski@ATLawip.com

ATLawip LLC
2065 Compton Way
Johns Creek, Georgia 30022
(706) 593-2865
770.680.2461 (fax)

                         James W. Kayden
                         Georgia Bar No. 409404
                         E-mail:  kayden@mqrlaw.com

McClure, Qualey & Rodack, LLP
3100 Interstate North Circle
Suite 150
Atlanta, Georgia 30339
(678) 483-8899
(404) 521-4286 (fax)

                         *Attorneys for Plaintiff ATLeisure LLC*

18

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/ Jeffrey T. Breloski
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@ATLawip.com

19

## **CERTIFICATE OF SERVICE**

I also certify that I have electronically filed a copy of the foregoing and understand that notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and that parties may access this filing through the CM/ECF system.

Dated:  April 14, 2016

> /s/ Jeffrey T. Breloski
> Jeffrey T. Breloski
> Georgia Bar No. 858291
> E-mail:  jbreloski@ATLawip.com